The order below is hereby signed.

Signed: May 04, 2006.



_S. Martin Teel_
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JACQUELINE L. HUNT-SHANNON | ) | Case No. 05-02202 |
| and ERIC A. SHANNON, | ) | (Chapter 13) |
| | ) | |
| Debtors. | ) | |

ORDER TO SUPPLEMENT OBJECTION TO
SECOND PROOF OF CLAIM (CLAIM NO. 22) FILED BY NASA FCU

The debtors have filed an objection (Docket Entry No. 45) to the second proof of claim (Claim Number 22) filed on January 27, 2006, on behalf of NASA FCU which shows a debt of $18,825.72 owed by Jacqueline L. Hunt-Shannon.[1] The debtors' objection to Claim Number 22 (as in the case of the objection to Claim Number 21)

---

[1] The debtors have filed a request for withdrawal of the objection (Docket Entry No. 44) to NASA FCU's first proof of claim (Claim Number 21) filed on January 27, 2006.  The second claim (Claim Number 22) is distinct from the first claim (Claim Number 21).  The first claim states that it relates to Account Number **272927-0** (perhaps the account number used by R.A. Rogers, Inc., the entity to whom notices are to be sent), seeks **$8,737.85**, and attaches a Fact Sheet showing that it related to NASA FCU Account Number **63060-21**.  The second claim states that it relates to Account Number **272927-1**, seeks **$18,825.72**, and attaches a Fact Sheet showing that it related to NASA FCU Account Number **63060-24.**

states that "the debtor is not financially obligated to the creditor, because the debtor's vehicle was repossessed." The creditor has not responded to the objection to Claim Number 22.[2]

That failure to respond, however, is insufficient to sustain the debtors' objection to Claim Number 22.  First, as in the case of the other claim, if there had been a repossession, that would not mean that the loan (including repossession costs) was necessarily fully paid.  (Moreover, because Claim Number 22's Fac Sheet refers to the claim as regarding "LOAN"--and not "DEF BALANCE" as in the case of Claim Number 21--it is not at all clear that there was a repossession.)

Second, the debtors must file an affidavit or affidavits rebutting any prima facie validity of the claim.  A properly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim."  F.R. Bankr. P. 3001(f).  Essentially, Rule 3001(f) treats a proof of claim, executed under penalty of perjury, as the equivalent of an affidavit supporting the creditor's claim, casting the burden on the objecting party to adduce contrary evidence.

Under Rule 3001(f), the court may direct that the debtor file affidavits to overcome the prima facie evidence of the

---

[2] On behalf of NASA FCU, R.A. Rogers, Inc. (albeit not through counsel as required when a corporation responds to an objection to claim) filed a response to the objection to Claim Number 21 explaining that a deficiency exists.  The debtors have requested the withdrawal of their objection to Claim Number 21.

validity and amount of a claim.  See Garner v. Shier (In re Garner), 246 B.R. 617 (9th Cir. B.A.P. 2000); In re Nejedlo, 324 B.R. 697, 700 (Bankr. E.D. Wis. 2005) (evidence rebutting prima facie validity of claim may come "in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections," citing Garner).  The debtors have not contended that Rule 3001(f) is inapplicable to NASA FCU's proof of claim.

An argument exists that the proof of claim was not properly executed and filed, and thus that the proof of claim is not entitled under Rule 3001(f) to be treated as prima facie evidence of the validity and amount of the claim.  No writing upon which the claim was based (assuming a writing of that character, such as a promissory note, exists) has been attached to the proof of claim as contemplated by Rule 3001(c).

However, the debtors have not contended that a debt was incurred and do not attack the proof of claim as inconsistent with any writing upon which it is based.  Instead, the debtors appear to think that the claim has been paid.  A debtor bears the burden of proof on the affirmative defense of payment of a loan. See Weidenfeld v. Pacific Imp. Co., 43 F.2d 817, 820 (2d Cir. 1930); Haughton v. Haughton, 394 N.E.2d 385, 390 (Ill. 1979); Petter v. Jackson, 298 S.W.2d 289 (Ky. 1957).  Furthermore, the Federal Rules of Bankruptcy Procedure were not intended to alter

burden of proof rules. Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15 (2000).

Finally, the objection does not itself lay out a sufficiently clear statement of facts demonstrating that the claim has been satisfied. Even if the proof of claim did not comply with Rule 3001(c), and were not entitled to be treated as prima facie evidence of the validity and amount of the claim, the court has the discretion to require that affidavits be submitted to demonstrate that no debt is owed.

In accordance with the foregoing, it is

ORDERED that within 25 days after entry of this order, the debtors shall file and serve on the affected creditor an affidavit or affidavits demonstrating that no claim is owed. It is further

ORDERED that to the extent the debtors fail to file an affidavit regarding the claim, the court will overrule the objection as to the claim without prejudice to a renewed objection to the claim.

[Signed and dated above.]

Copies to: Debtors; Debtors' Attorney; Cynthia A. Niklas; and

R.A. Rogers, Inc.
PO Box 3302
Crofton, MD 21114-0302